UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CYNTHIA BURKES,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-07130-DFM<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Cynthia Burkes ("Plaintiff") appeals the Commissioner's final decision denying her application for Supplemental Security Income ("SSI"). Because the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence, the Commissioner's decision is affirmed and the matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff filed her application for SSI benefits on February 28, 2009, alleging disability beginning December 1, 2007. Administrative Record ("AR") 19. After an administrative hearing at which Plaintiff, a medical expert, and a

vocational expert ("VE") testified, AR 41-57, the ALJ issued an unfavorable decision on April 3, 2013, finding that Plaintiff could make an adjustment to other work that exists in significant numbers in the national economy, based on the VE's testimony, AR 19-29. On July 6, 2013, Plaintiff turned 50 years old. AR 29.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ properly considered treating Plaintiff as a person "closely approaching advanced age" under the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2. See Joint Stipulation ("JS") at 4.

## III.
## DISCUSSION

Plaintiff contends that the ALJ erred by failing to explain why he treated Plaintiff as a "younger person," rather than as a "person closely approaching advanced age," as Plaintiff was just three months away from turning 50 years old at the time of the ALJ's decision. JS at 4-11, 21-22; 20 C.F.R. § 416.963(c), (d). Plaintiff asserts that the ALJ would have been required to find Plaintiff disabled under the grids if the higher age category had been applied. JS at 4-5 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.09).

The grids set forth rules directing a finding of disabled or not disabled, based on a claimant's age, education, previous work experience and residual functional capacity. See 20 C.F.R. Pt. 404, Subpt. P, App. 2. The grids contain three age categories: younger persons (under age 50), persons closely approaching advanced age (age 50-54), and persons of advanced age (age 55 or older). 20 C.F.R. § 416.963(c)-(e). When a claimant is within a few days or a few months of reaching an older age category (a "borderline situation"), the ALJ has discretion, but is not required, to use the older age category.

2

Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1071 (9th Cir. 2010); 20 C.F.R. § 416.963(b) (the age categories may not be applied mechanically). While the ALJ is required to consider use of an older age category in a borderline situation, the ALJ does not need to explain in a written decision why an older age category was not used. Lockwood, 616 F.3d at 1070, 1072-74 (ALJ found to have adequately considered higher age category by mentioning the claimant's age and date of birth in the decision, acknowledging that the age categories are not to be applied mechanically, and obtaining VE testimony).

Here, the ALJ's decision reflects that he gave adequate consideration to use of the older age category, closely approaching advanced age. The ALJ clearly identified Plaintiff's date of birth (July 6, 1963), Plaintiff's age as of the alleged disability onset date (45 years old), and Plaintiff's age category during the period in dispute (younger person age 45 to 49). AR 28. The ALJ also properly acknowledged the regulation discussing application of the age categories, 20 C.F.R. § 416.963. AR 28. Though the ALJ did not specifically mention Plaintiff's age at the time of the decision, the ALJ asked Plaintiff about her age at the hearing, and Plaintiff responded that she was 49 years old. AR 49. Thus, it is apparent from the record that the ALJ was aware of Plaintiff's age. Id. And, although Plaintiff was not represented by counsel at the administrative hearing, the ALJ obtained assistance from a VE to evaluate the vocational factors impacting Plaintiff's case, indicating that the age categories were not applied mechanically. AR 28-29, 56-57; Lockwood, 616 F.3d at 1072; 20 C.F.R. § 416.963(b). Based on these facts, the Court concludes that the ALJ's application of the younger person age category was not error. See Lockwood, 616 F.3d at 1071-72; see also Perez v. Astrue, No. 10-01471, 2012 WL 28639, at *6 (E.D. Cal. Jan. 5, 2012) (holding that ALJ properly considered borderline age situation where the ALJ cited plaintiff's birth date, plaintiff's age at disability onset date, plaintiff's age category, 20

C.F.R. § 404.1563, and VE testimony evaluating factors impacting disability determination).

Plaintiff asserts that the Ninth Circuit's opinion in Lockwood is not controlling because it was decided incorrectly. JS at 6-9. Plaintiff argues that Lockwood improperly eliminates an ALJ's burden of articulating logical and rationale reasons for failing to apply a higher age category in borderline situations, resulting in decisions that are arbitrary, capricious, an abuse of discretion, or contrary to law. JS at 6-7, 9 (citing Allentown v. Mack Sales & Serv., Inc. v. N.L.R.B., 522 U.S. 359, 374 (1998) and Harman v. Apfel, 211 F.3d 1172, 1175 (9th Cir. 2000)). Further, Plaintiff argues that Lockwood did not give proper deference to the language of the Program Operating Manual System ("POMS") DI 25015.005, as it addresses an ambiguity in 20 C.F.R. § 416.963(b) regarding the factors that need to be discussed in borderline age cases. JS at 7-11; see also http://policy.ssa.gov/poms.nsf/lnx/0425015005. Plaintiff's arguments lack merit.

First, the Ninth Circuit's decision in Lockwood is binding on this Court, regardless of whether Plaintiff believes it was incorrectly decided. See Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court."); see also Perez, 2012 WL 28639, at *6. Second, POMS does not impose judicially enforceable duties upon the ALJ. See Hermes v. Sec'y of Health and Human Servs., 926 F.2d 789, 791 n. 1 (9th Cir. 1991) (explaining that POMS is a policy manual that provides persuasive authority, but has no "force and effect of law"). Third, the revised version of POMS DI 25015.005 does not provide a persuasive interpretation of 20 C.F.R. § 416.963(b), as that regulation does not impose any duty on an ALJ to explain why a higher age category was not used. See Lockwood, 616 F.3d at 1073 (explaining that 20 C.F.R § 416.963 "requires

only that the ALJ consider whether to use the older age category; it does not impose any obligation to make express findings incorporated in the ALJ's opinion."). Fourth, the ALJ's decision was not arbitrary, capricious, an abuse of discretion, or contrary to law, because the ALJ articulated a rational connection between the facts at issue and application of Plaintiff's chronological age category, as discussed above.

In sum, the ALJ properly considered use of the closely approaching advanced age category, and there was no error resulting from the ALJ's failure to explain why this higher age category was not used. <u>Lockwood</u>, 616 F.3d at 1070, 1072-74; 20 C.F.R. § 416.963(b).

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and the matter is dismissed with prejudice.

Dated: May 18, 2015

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

5